■ STEVEN ZINK et al., Appellants, v MARK GOODSON PRODUCTIONS, INC., et al., Respondents. [689 NYS2d 87] —Order, Supreme Court, New York County (Jane Solomon, J.), entered October 14, 1998, which, to the extent appealed from as limited by the brief and the parties' stipulation, granted the motion by defendant Mark Goodson Productions, Inc. for partial summary judgment and denied plaintiffs' cross motion to compel compliance with a subpoena duces tecum to produce additional documents, unanimously affirmed, without costs.

The law in New York is well settled that "[a] party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403; *see also, Kenford Co. v County of Erie*, 67 NY2d 257, 261; *PIA Invs. v*

*UBS Sec.*, 211 AD2d 599, *affd* 86 NY2d 812). While the mandate "that damages be reasonably certain, does not require absolute certainty" (*Ashland Mgt. v Janien,* 82 NY2d, *supra,* at 403), it is still necessary that "damages be capable of measurement based upon known reliable factors without undue speculation" (*supra,* at 403). Indeed, "the damages may not be merely speculative, possible or imaginary, but must be reasonably certain" (*Kenford Co. v County of Erie,* 67 NY2d, *supra,* at 261), and, when a new business venture is involved, "a stricter standard is imposed for the obvious reason that there does not exist a reasonable basis of experience upon which to estimate lost profits with the requisite degree of reasonable certainty" (*supra,* at 261).

Here, plaintiffs had embarked upon a new business endeavor; their proposed television game show had never been broadcast and was to feature a host not well known to American audiences who had never previously hosted a game show. The principal plaintiff, moreover, had no track record either with game shows or television production, and the program in question had not tested favorably in a focus group survey undertaken on behalf of a television network. Accordingly, plaintiffs' claim for lost profits was properly dismissed since it was predicated not upon the requisite reasonably certain assessment but upon nothing more than assumptions, speculation and conjecture respecting the performance of the game show (*see, Ashland Mgt. v Janien,* 82 NY2d, *supra,* at 403; *Kenford Co. v County of Erie,* 67 NY2d, *supra,* at 261). New York law, we note, "has long recognized the inherent uncertainties of predicting profits in the entertainment field in general" (*Kenford Co. v County of Erie, supra,* at 263).

We have considered plaintiffs' argument concerning their cross motion to compel compliance with their subpoena duces tecum for the production of additional documents and find it to be unavailing. Concur—Ellerin, P. J., Williams, Mazzarelli and Buckley, JJ.